**Larry J. SHELBY, Plaintiff–Appellant,**

v.

**BANK ONE, NA, et al., Defendants–Appellees.**

No. 01–3809.

United States Court of Appeals, Sixth Circuit.

March 4, 2003.

Before BATCHELDER, COLE and GIBBONS, Circuit Judges.

BATCHELDER, Circuit Judge.

Plaintiff, Larry Shelby, brought suit against Bank One, his former employer, Bank One Mortgage Company, Wayne Hites, John Wale and Daniel Moening for alleged violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 *et seq.*, and Ohio's general employment discrimination statute, Ohio Revised Code § 4112. Shelby appeals the district court's grant of summary judgment in favor of defendants on all of his claims. We conclude that Shelby's ADEA claim is time-barred. We further conclude that there is no genuine issue of fact remaining for trial with regard to the state law claim and the defendants are entitled to judgment on that claim as a matter of law. We therefore affirm the judgment of the district court.

## BACKGROUND

The facts that follow are undisputed in this record. Shelby has worked in the banking industry in the St. Mary's, Ohio, area since 1970. He was working for Diamond Savings in 1992 when it merged with Bank One. Bank One then hired him as the St. Mary's Branch Manager and Assistant Vice President, Community Banking, where he reported to Wayne Hites, who in turn reported to Dan Moening. Beginning in 1994, Shelby's performance reviews indicated a negative attitude and poor sales. Although he received an overall rating of "Fully Satisfactory" on his 1994 evaluation, Shelby met only three of his fifteen major sales goals that year.

In June of 1995, Hites gave Shelby a written reprimand and placed him on six months' probation for failing to develop new business, not being a team player, and not being involved in ongoing sales goals and the sales process. In August 1995, Shelby and Hites hired 30–year–old John Wale, who had a strong sales background, as the assistant manager of the St. Mary's branch.

In 1995, Bank One reorganized the management structure of some of the Ohio

branches under the supervision of Dan Moening, including Van Wert, Lima and Wapakoneta, replacing the Branch Manager and Assistant Manager positions with the positions of Sales Manager and Service Manager. Although both of these new manager positions carried the title of vice president of the bank, the Service Manager reported to the Sales Manager.[1] When Bank One instituted this new management structure in Van Wert, Lima and Wapakoneta, all the Service Managers were over forty-years-old while the Sales Managers were under forty. Of the approximately sixteen branches supervised by Moening that maintained the Branch Manager/Assistant Manager structure, nine had Branch Managers over forty years of age, four of whom were older than Shelby.

In the summer of 1996, Bank One established this new management structure in the St. Mary's branches, making Shelby the Service Manager and Wale the Sales Manager. This meant Shelby, now 54 years old, reported to Wale, whom he had hired one year earlier. Shelby's pay, his responsibilities in the area of service and his office space remained the same, but his sales responsibilities were reduced.

Shelby served as the Service Manager for about one year, during which time he had problems with both his sales productivity and his relationship with Wale. Eventually Shelby was given a choice: retire immediately and take a severance package or become a Residential Mortgage Loan Representative for Bank One Mortgage Company for a six-month probationary period, with the right to the same severance package if he were unsuccessful in that position. Shelby interviewed for the Mortgage Loan Representative position and was hired in August of 1997 at no change in salary. After six months, Bank One Mortgage offered Shelby the choice of a permanent position as a mortgage loan representative or retirement with the severance package. Shelby decided to resign and, on advice from counsel, refused the severance package. He then filed a complaint with the EEOC, claiming that he had been constructively discharged on January 30, 1998, because of his age.

Shelby filed suit in the Franklin County Court of Common Pleas alleging a violation of Ohio's discrimination statute. He then dismissed the complaint and filed this action in federal court, claiming that the defendants had demoted him to the position of Service Manager on September 25, 1996, and constructively discharged him after his six month period as a mortgage loan representative. Bank One moved for summary judgment and the district court granted the motion, finding that Shelby had failed to present a prima facie case of discrimination and specifically holding that Shelby was unable to show he was qualified for the positions of branch manager, Service Manager and Sales Manager at Bank One. Shelby timely appealed.

## ANALYSIS

We review a district court's grant of summary judgment de novo, using the same standard under Rule 56(c) used by the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999) (en banc). Summary judgment is proper if "the pleadings, depositions, answers to inter-

---

1. The Sales Manager was responsible for setting sales and referral goals, motivating the staff to achieve these goals as a team, and for being personally involved in monitoring the day-to-day sales process. In addition to reporting to the Sales Manager, the Service Manager was responsible for ensuring that all services issues were addressed and resolved in a timely manner, leading and inspiring the staff, and training and coaching service personnel.

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, we view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To withstand summary judgment, the non-movant must present sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir.1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Turning first to Shelby's ADEA claim, we conclude that the grant of summary judgment must be affirmed because the claim is clearly time-barred. In his deposition, Shelby was asked to specify the action or actions by the defendants that he claimed were discriminatory:

Q. Ultimately your employment ended; and I assume that you're claiming that that was based upon an unlawful act, being age discrimination?

A. No. The job change was the discrimination.

\* \* \*

Q. All right. When you say the job change, what are you referring to?

A. From banking center manager to service manager.

\* \* \*

\* \* \*

Q. Sure. Getting back to a question I asked a few minutes ago, I want to know with respect to your lawsuit what events occurred during your employment with Bank One, N.A. or Bank One Mortgage Corporation that you believed were age discrimination.

A. What other?

Q. Yes.

A. Other, none.

Q. None. So it's just the change?

A. Yes.

Q. So are you claiming, then, that you were terminated from your job based upon your age?

A. No.

Shelby's position changed from that of Branch Manager to that of Service Manager in August of 1996. In August of 1997, Shelby took the Mortgage Representative position. He resigned in February of 1998, and did not sign his EEOC complaint until November 18, 1998. Shelby had until June of 1997 *at the latest* to file an EEOC charge regarding his "demotion" to Service Manager. *See National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (June 10, 2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.... The charge, therefore, must be filed within the 180– or 300–day period after the discrete discriminatory act occurred."). The claimed demotion to Service Manager is therefore not actionable.

The EEOC charge and complaint both allege that Shelby was constructively discharged on January 30, 1998. The charge and the complaint are thus both timely.

However, on January 30, 1998, Shelby was employed by the Bank One Mortgage Corporation. In his deposition, Shelby explicitly denies that he was either forced out of the Service Manager position at Bank One or terminated from his employment at the Mortgage Corporation because of his age.

A. Well, I feel I was forced out of the position [at Bank One].

\* \* \*

\* \* \*

Q. And you believe that they did that because of your age?

A. No.

Q. What do you think is the reason that they wanted you out?

A. I don't know.

Q. All right. How about with respect to the end of your employment at the mortgage corporation? Do you believe that there was some unlawful action by the mortgage corporation to remove you?

A. No. The mortgage corporation treated me very well.

\* \* \*

Q. All right. Do you feel that the mortgage corporation engaged in any discriminatory conduct with respect to you?

A. No.

The essence of Shelby's argument is that he was demoted to Service Manager because of his age, and everything that happened to him thereafter was a result of that age discrimination. *Morgan* flatly precludes that approach:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlaw-

ful employment practice.' Morgan can only file a charge to cover discrete acts that 'occurred' within the appropriate time period.

*Id.* at 2073. Shelby's own testimony defeats any claim of age discrimination after the demotion of which he complains. The demotion is clearly time-barred, and each subsequent action is both discrete and admittedly not discriminatory.

■ The district court granted summary judgment to the defendants on Shelby's claim of age discrimination under Ohio law, holding that Shelby had failed to establish a prima facie case: "Since the Defendants have provided uncontested evidence that Shelby did not meet legitimate sales expectations, they are entitled to judgment as a matter of law on the issue of Shelby's qualifications for the branch manager, Service Manager, and Sales Manager positions at the Bank, since all of those positions involved sales." We will affirm the judgment, but, again, for reasons different from those relied on by the district court.

Rather than concluding that the Defendant's uncontested evidence defeats Shelby's prima facie case, *see Cline v. Catholic Diocese of Toledo,* 206 F.3d 651, 660–61 (6th Cir.2000) ("when assessing whether a plaintiff has met her employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the non-discriminatory reason 'produced' by the defense,") we hold that, even assuming Shelby made out a prima facie case,[2] Bank One's uncontested evidence provides a legitimate and non-discriminatory reason for the Bank's placing Shelby in the Service Manager position rather than the Sales Manager position, and Shelby has produced insufficient evidence to create a gen-

---

**2.** We assume for purposes of this appeal that Shelby suffered an adverse employment action when Bank One made him the Service Manager rather than the Sales Manager, although the record contains virtually no support for that proposition.

uine issue of material fact as to whether this articulated reason was in fact pretextual. The undisputed record in this case demonstrates that whatever Shelby's strengths may have been, they were not in sales. There is no evidence in this record–either direct or circumstantial–that Shelby's age had anything whatever to do with the Bank's decision to reorganize its management structure or to place Shelby in the Service Manager position rather than the Sales Manager position. And Shelby himself testified that Bank One's placing him in the Service Manager position was the only action of any of the defendants that he believed was motivated by or related to his age.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.